UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PRO2SERVE PROFESSIONAL PROJECT SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:07-CV-336 (VARLAN/SHIRLEY) |
| BWXT Y-12, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER

This civil action is before the Court on Defendant BWXT Y-12, LLC's ("Defendant BWXT") Motion to Strike [Doc. 37] and Plaintiff Pro2Serve Professional Project Services Inc.'s ("Plaintiff Pro2Serve") Motion for Leave to File Supplemental Documents. [Doc. 47.] In its motion to strike, Defendant BWXT requests that the Court strike paragraphs 2 through 6 of the declaration of Raymond Alexander [Doc. 27-2], all eleven exhibits attached to Plaintiff Pro2Serve Professional Project Services Inc.'s ("Plaintiff Pro2Serve") response to Defendant BWXT's motion for summary judgment [Docs. 27-3, 27-4, 27-5, 27-6, 27-7, 27-8, 27-9, 27-10, 27-11, 27-12, 27-13], and sections II. A, B, and D of Plaintiff Pro2Serve's brief. [Doc. 27.] Defendant BWXT argues that the motion to strike should be granted because these filings do not comply with Local Rule 7.1. In the alternative, Defendant BWXT requests permission to file a supplemental brief and other materials to respond to sections of Plaintiff Pro2Serve's brief that are the subject of the motion to strike. Plaintiff Pro2Serve has responded in opposition to the motion. [Doc. 46.] In the event the Court grants

Defendant BWXT's Motion to Strike, Plaintiff Pro2Serve has filed a Motion for Leave to File Supplemental Documents. [Doc. 47.] Defendant BWXT has filed a reply to Plaintiff Pro2Serve's opposition brief [Doc. 61] and an opposition response to the motion for leave to filed supplemental documents. [Doc. 62.] The matters are now ripe for the Court's consideration.

Local Rule 7.1 addresses motion practice for all motions filed with the Court, including briefing scheduling, brief format, reply briefs, and supplemental briefs. L.R. 7.1. Local Rule 7.1(a) provides for "20 days in which to respond to dispositive motions." L.R. 7.1(a). In its motion to strike, Defendant BWXT argues that certain filings by Plaintiff Pro2Serve did not comply with Local Rule 7.1 because certain arguments within Plaintiff Pro2Serve's response [Doc. 27] to the motion for summary judgment [Doc. 23] and supporting materials addressed issues raised in the motion for partial summary judgment. [Doc. 13.] Thus, because certain arguments in Plaintiff Pro2Serve's response brief to the motion for summary judgment [Doc. 27] and related materials were untimely filed, Defendant BWXT contends that these filings should be struck by the Court and not considered in determining the pending summary judgment motions. [Docs. 13, 23.]

As an initial matter, the Court notes that the filings Defendant BWXT seek to strike were filed within or as exhibits to a timely filed response to the motion for summary judgment. [Docs. 26, 27.] Thus, Defendant BWXT does not contend that the response [Doc. 27] in and of itself was untimely, but it rather seeks to strike certain arguments within the timely filed response and attached exhibits because they address matters raised in the earlier

2

filed motion for partial summary judgment. The Court is unpersuaded by Defendant BWXT's argument. In the "Motion of the Defendant for Summary Judgment on All of the Plaintiff's Claims for REAS," Defendant BWXT expressly incorporated the arguments in its partial summary judgment motion into its motion for summary judgment. [Doc. 23 ("In support of the motion the defendant relies upon . . . the documents filed in support of and in response to the defendant's original motion for partial summary judgment, and the entire record of this cause.").] Even assuming that Plaintiff Pro2Serve's arguments and related exhibits solely related to the partial summary judgment motion, they would be proper as being within the scope of the "Motion of the Defendant for Summary Judgment on All of the Plaintiff's Claims for REAS" as defined by Defendant BWXT. Thus, Pro2Serve's filings need not be struck as there was no violation of Local Rule 7.1.

Defendant BWXT has requested in the alternative "to file, within fourteen calendar days of the Court's denial, a supplemental brief and supporting affidavits and other papers in response to the sections of plaintiff's brief and declaration that are subject of this motion to strike." [Doc. 37.] Though Defendant BWXT already filed a reply brief to Plaintiff Pro2Serve's response [Doc. 38], the Court will permit Defendant BWXT to file a supplemental brief along with supporting materials. However, in light of Local Rule 7.1(a) and (d), the supplemental brief shall be filed within five (5) days of the entry of this order and no more than five (5) pages. If Plaintiff Pro2Serve seeks to respond to the supplemental brief, it must file the response "within five days after service of the supplemental brief and shall be limited to no more than five (5) pages." L.R. 7.1(d). The scope of any supplemental

3

briefs submitted pursuant to this order should be limited to the sections of plaintiff's brief and supporting materials specifically identified in Defendant BWXT's Motion to Strike. [*See* Doc. 37.] Briefing on this matter shall then be concluded.

Accordingly, Defendant BWXT's Motion to Strike [Doc. 37] is hereby **DENIED** to the extent it seeks to strike sections of Plaintiff Pro2Serve's response and attached materials. [Doc. 27.] Defendant BWXT's request to file a supplemental brief and supporting materials is hereby **GRANTED** to the extent it is given leave to file a supplemental brief of no more than five pages to be filed within five days of entry of this order. Plaintiff Pro2Serve's Motion for Leave to File Supplemental Documents [Doc. 47] is hereby **DENIED as moot**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE