UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PRO2SERVE PROFESSIONAL ) | |
| PROJECT SERVICES, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No.: 3:07-CV-336 |
| ) | (VARLAN/SHIRLEY) |
| BWXT Y-12, LLC, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court on Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc.'s ("Plaintiff P2S") Motion to Amend Complaint [Doc. 41] and Superseding Motion to Amend Complaint. [Doc. 81.] Defendant/Counter-Plaintiff Babcock & Wilcox Technical Services Y-12, LLC, formerly known as BWXT Y-12, LLC, ("Defendant BW") has also filed a Motion to Strike Jury Demand [Doc. 58], which is related to the jury demand issues in Plaintiff P2S's pending motions to amend. The Court has carefully reviewed the pending motions and responsive filings in light of the applicable law. [Docs. 41, 54, 58, 63, 64, 72, 81, 91, 97.] For the reasons set forth herein, Plaintiff P2S's Motion to Amend Complaint [Doc. 41] will be denied as moot; Plaintiff P2S's Superseding Motion to Amend Complaint [Doc. 81] will be granted in part and denied in part; Defendant BW's Motion to Strike Jury Demand [Doc. 58] will be denied.

## I. BACKGROUND

On September 30, 2004, Plaintiff P2S and Defendant BW entered into Subcontract No. 4300037616 (the "Subcontract"), which referred to Plaintiff P2S as "the Seller" and Defendant BW as "the Company." [Doc. 1-1 at 2.] The Subcontract's "Statement of Work" provided:

> The Seller hereby undertakes and agrees to provide Compressed Air Facility Engineering and Procurement Services, in accordance with the Statement of Work, (SOW), SW-PE-900001-A001, Rev. O, dated April 2004, including all amendments (15 each) issued thereto and related documents as shown.

[Doc. 1-1 at 2.]

The Subcontract included various terms, including the period of performance, consideration and payment, and the delivery schedule. [*See* Doc. 1-1.] In addition to the Subcontract itself, there are additional "General Terms & Conditions Fixed Price (FP 6/03)" ("General Terms"). [Doc. 1-2.] In Section 1.16 of the General Terms, if Defendant BW makes a "change" within the general scope of the Subcontract, "an equitable adjustment shall be made in the price and/or delivery schedule and other affected provisions." [Doc. 1-2 at 4.]

On September 5, 2007, Plaintiff P2S filed this suit alleging that Defendant BW breached its contract by failing to make equitable adjustments in the price for changes it made within the general scope of the Subcontract. [Doc. 1 at 3.] In the original complaint, Plaintiff P2S based its claims on seven "Requests for Equitable Adjustment" ("REAs 1-7") and an unpaid invoice ("Invoice I"). [Docs. 1 at 3; 1-3; 1-4.] Plaintiff P2S's original

complaint did not include a jury demand. [*See* Doc. 1.] On October 15, 2007, Defendant BW filed its answer, which included a breach of contract counter-claim against Plaintiff P2S. [Doc. 3 at 5-11.] On November 8, 2007, Plaintiff P2S filed an answer, which did not include a jury demand. [Doc. 6.]

On December 4, 2008, Defendant BW filed an amended answer that added paragraphs regarding both Plaintiff P2S's breach of contract claims and Defendant BW's breach of contract counter-claims. [*See* Doc. 22.] On December 23, 2008, Plaintiff P2S filed a reply to Defendant BW's counter-claim and demanded, for the first time, a trial by jury. [Doc. 40 at 5.] On January 12, 2009, Defendant BW filed the pending motion to strike jury demand. [Doc. 58.]

Plaintiff P2S subsequently filed its Superseding Motion to Amend Complaint that sought to add additional breach of contract claims concerning "REA 8" and "Invoice II" and two equitable claims for *quantum meruit*.[1] [Doc. 81.] One *quantum meruit* claim was included as an alternative to the existing breach of contract claims for the REAs; the other *quantum meruit* claim was for general and administrative services allegedly performed by Plaintiff P2S. [Doc. 81-1 at 3-5.] In its response brief, Defendant BW indicated that it did not oppose Plaintiff P2S's motion to the extent it sought to add breach of contract claims regarding "REA 8" and "Invoice II." [Doc. 91.] However, Defendant BW opposed the

---

[1]This motion superseded the motion to amend complaint that was filed on December 23, 2008. [*See* Docs. 41, 81.]

3

*quantum meruit* claims and reiterated its opposition to Plaintiff P2S's jury demand that was raised in its Motion to Strike Jury Demand. [Doc. 58.]

## II. ANALYSIS

While, for the most part, the motions and related filings currently before the Court involve different issues, they are related to the extent they all raise the issue of whether a trial by jury is proper. For example, Defendant BW discusses the jury demand issue in its responsive filings to Plaintiff P2S's motions to amend as well as in its own motion to strike jury demand. Thus, the Court will analyze the motions together to the extent necessary. The Court will first address Plaintiff P2S's request to add certain claims to this action and then will determine whether there should be a trial by jury in this case.

### A. Amending the Complaint

Because Plaintiff P2S filed a superseding motion for its amendment request, the Court will deny as moot Plaintiff P2S's original Motion to Amend Complaint. [Doc. 41.] The Court will now turn to the merits of Plaintiff P2S's Superseding Motion to Amend Complaint. [Doc. 81.]

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). However, the court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing

4

party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted).

Plaintiff P2S's proposed amended complaint includes the following amendments: (1) a breach of contract claim for an additional REA ("REA 8"); (2) a breach of contract claim for an additional invoice ("Invoice II"); (3) a *quantum meruit* claim stated as an alternative to the breach of contract claim concerning the REAs; and (4) a *quantum meruit* claim for general and administrative services related to the project at issue. In its response, Defendant BW does not oppose the amendments regarding REA 8 and Invoice II. In light of the lack of opposition to these amendments, the Court will grant Plaintiff P2S's superseding motion to amend as to those additional breach of contract claims.

However, Defendant opposes the motion to amend to the extent Plaintiff P2S asserts *quantum meruit* claims. In its reply brief, Plaintiff P2S withdrew its *quantum meruit* claim based on the performance of general and administrative services. Therefore, the Court will deny Plaintiff P2S's motion to amend to the extent the proposed amended complaint includes this *quantum meruit* claim.

The remaining claim in dispute is Plaintiff P2S's *quantum meruit* claim for "performing the out-of-scope work identified and described in REAs 1-8." [Doc. 81-1 at 4.] In Tennessee, "[q]uantum meruit is an equitable doctrine that one should not be unjustly enriched by the labor and materials of another." *John J. Heirigs Constr. Co., Inc. v. Exide*, 709 S.W.2d 604, 607 (Tenn. Ct. App. 1986). As a result, the law implies a promise to pay a reasonable amount for such labor and materials. *Id.* Notably, *quantum meruit* relief "will

5

not be imposed in circumstances where an express contract or agreement exists." *Arena v. Schulman, LeRoy & Bennett*, 233 S.W.3d 809, 815 (Tenn. Ct. App. 2006).

Though Defendant BW agrees that Plaintiff P2S is entitled to plead alternative theories of relief, it questions Plaintiff BW's good faith basis for pleading recovery in *quantum meruit*. *See Maloney v. Craft-Tech, Inc.*, 702 F. Supp. 623, 625 (E.D. Mich. 1988) ("It is important to recognize at the outset that the plaintiffs are entitled to plead in the alternative, and inconsistent allegations are not fatal to their complaints. Fed. R. Civ. P. 8(e)(2) [Fed. R. Civ. P. 8(d)(2) after the 2007 amendments]. Such pleadings are, of course, subject to the good faith requirements of Federal Rule of Civil Procedure 11."). In particular, Defendant BW points to the following facts: (1) the parties did not question the enforceability of the Subcontract during the 3-year period of performance; (2) other REAs were administratively handled and paid in accordance with the Subcontract's terms and conditions; (3) the REAs and invoices in this lawsuit were submitted pursuant to the Subcontract; (4) the original complaint and the original proposed amended complaint do not include facts or allegations that the Subcontract was in fact unenforceable; (5) Plaintiff P2S only raised the issue of enforceability of the Subcontract after Defendant BW identified the issue in its brief to Plaintiff P2S's original motion to amend [Doc. 54]; (6) Plaintiff P2S has not stated that the Subcontract is in fact unenforceable in its reply brief to the original Motion to Amend [Doc. 64] or in the proposed superseding amended complaint; (7) the proposed superseding amended complaint does not include allegations that the damages sought are not already covered by the fixed price Subcontract; and (8) Plaintiff P2S's proposed superseding

6

amended complaint pleads no facts to support its *quantum meruit* claim for REAs 1-8. Based on these alleged facts, Defendant BW contends that this amendment was brought in bad faith. Plaintiff P2S counters that it is premature to preclude it from stating a *quantum meruit* claim for REAs 1-8. Plaintiff P2S argues that it may be able to recover in *quantum meruit* because it has not yet been determined whether the work described in REAs 1-8 is part of the subject matter of the Subcontract.

In addressing this dispute, the Court is guided by the Sixth Circuit's unpublished decision in *Son v. Coal Equity, Inc.*, where a party asserted a claim for *quantum meruit* even though the defendant did not contest the existence of an express contract for payment. 122 F. App'x 797, 801 (6th Cir. 2004). While the district court dismissed the claim on the basis that the parties agreed that there was an express agreement, the Sixth Circuit reversed because there was no guarantee the defendant might repudiate its concession regarding the existence of a contract and in light of Fed. R. Civ. P. 8. *Id.* at 802. Under Fed. R. Civ. P. 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single court or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). The *Son* court concluded that "the *quantum meruit* claims should remain as an alternative theory available to the plaintiff, at least until the contract claim is concluded. To hold otherwise might prove to be premature and would fail to adequately protect the rights reserved by [the plaintiff]." *Son*, 122 F. App'x at 802.

Though *Son* is an unpublished appellate decision, the Court is persuaded by the Sixth Circuit's reasoning in that case, particularly in light of the similarity of facts to the present

7

amended complaint pleads no facts to support its *quantum meruit* claim for REAs 1-8. Based on these alleged facts, Defendant BW contends that this amendment was brought in bad faith. Plaintiff P2S counters that it is premature to preclude it from stating a *quantum meruit* claim for REAs 1-8. Plaintiff P2S argues that it may be able to recover in *quantum meruit* because it has not yet been determined whether the work described in REAs 1-8 is part of the subject matter of the Subcontract.

In addressing this dispute, the Court is guided by the Sixth Circuit's unpublished decision in *Son v. Coal Equity, Inc.*, where a party asserted a claim for *quantum meruit* even though the defendant did not contest the existence of an express contract for payment. 122 F. App'x 797, 801 (6th Cir. 2004). While the district court dismissed the claim on the basis that the parties agreed that there was an express agreement, the Sixth Circuit reversed because there was no guarantee the defendant might repudiate its concession regarding the existence of a contract and in light of Fed. R. Civ. P. 8. *Id.* at 802. Under Fed. R. Civ. P. 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single court or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). The *Son* court concluded that "the *quantum meruit* claims should remain as an alternative theory available to the plaintiff, at least until the contract claim is concluded. To hold otherwise might prove to be premature and would fail to adequately protect the rights reserved by [the plaintiff]." *Son*, 122 F. App'x at 802.

Though *Son* is an unpublished appellate decision, the Court is persuaded by the Sixth Circuit's reasoning in that case, particularly in light of the similarity of facts to the present

7

case. Like the plaintiff in *Son*, Plaintiff P2S has asserted its *quantum meruit* claim "in the alternative" to its breach of contract claims. [*See* Doc. 81-1 at 4.] Though Defendant BW argues that the *quantum meruit* claim was brought in bad faith because Plaintiff P2S has not alleged that the Subcontract is unenforceable, the proposed superseding amended complaint includes allegations regarding "out-of-scope work identified and described in REAs 1-8." [Doc. 81-1 at 4.] Arguably, this alleged "out-of-scope work" occurred in the absence of an express contract for such work. Though Plaintiff P2S has also alleged as part of its breach of contract claims that such work was "within the general scope of the Contract," the Court notes that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As discussed by Plaintiff P2S, one bankruptcy court found it premature to preclude a complaint that raises the issue of whether a party was requested to perform work beyond the scope of the contract for which the party expected compensation and which may have been compensable under *quantum meruit* if not under a contract theory. *In re Andrew Velez Constr., Inc.*, 373 B.R. 262, 279 (Bankr. S.D.N.Y. 2007). In light of all of this, the Court is unconvinced that Plaintiff P2S has asserted this claim in bad faith. Like the Sixth Circuit in *Son*, the Court finds "that the *quantum meruit* claim should remain as an alternative theory available to plaintiff, at least until the contract claim is concluded." *Son*, 122 F. App'x at 802. Accordingly, the Court will permit Plaintiff P2S to amend its complaint as to the *quantum meruit* claims based on REAs 1-8.

### B. Trial by Jury

Plaintiff P2S requested a jury trial on December 23, 2008, in its reply to Defendant BW's amended answer. [Doc. 40 at 5.] Plaintiff P2S also included a jury demand in its proposed amended complaint and proposed superseding amended complaint. [Docs. 41, 81.] Defendant BW has opposed each of Plaintiff P2S's requests for a jury trial. [Docs. 54, 58, 91.] Defendant BW contends that Plaintiff P2S's jury demand was made outside of the time period allowed under Fed. R. Civ. P. 38 and that it is not entitled to a jury trial for its *quantum meruit* claims. As to the *quantum meruit* claim, Plaintiff P2S has clarified that its "jury demand applies only to the contract claims stated in the lawsuit - not to the equitable claims." [Doc. 97 at 3.] Therefore, the Court need only address the issue of whether the jury demand is proper as to the breach of contract claims in this case.

#### 1. Fed. R. Civ. P. 38(b) and 39(a)

The Court's analysis begins with Fed. R. Civ. P. 38, which addresses the right to a jury trial and the proper procedure for a jury demand. For issues triable by a jury, Fed. R. Civ. P. 38(b) provides that "a party may demand a jury trial by: (1) serving the other parties with a written demand - which may be included in a pleading - no later than 10 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Notably, "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). If demand is properly made under Fed. R. Civ. P. 38, then "the action must be designated on the docket as a jury action." Fed. R. Civ. P. 39(a).

9

In the present case, Plaintiff P2S has made jury demands in its response to Defendant BW's amended answer [Doc. 40] and in its proposed superseding amended complaint. [Doc. 81-1.] Defendant BW contends that these jury demands must fail because Plaintiff P2S failed to make its jury demand within the time allotted by Fed. R. Civ. P. 38(b) and has thus waived a jury trial in this matter.

As to the jury demand included in response to Defendant BW's amended answer, Plaintiff P2S contends that such a demand is proper under Fed. R. Civ. P. 38(b) because the jury demand was made within the allotted time after Defendant BW filed its amended answer. Notably, the mere filing of an amended pleading is not enough. While there are circumstances when the filing of an amended pleading triggers Fed. R. Civ. P. 38(b), "the fact that an amended [pleading] was later filed is of no consequence when no new issues or facts are introduced." *Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987) (citations omitted). The word "issue" refers to issues of fact and not issues of law. *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 n.5 (9th Cir. 1979) (citing *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974)). Thus, there is no jury trial as of right when an amendment introduces essentially no new facts to a case. *Irvin*, 837 F.2d at 727.

In this case, Plaintiff P2S contends that the requisite new issues were raised because Defendant BW asserted new defenses and alleged new instances of faulty performance by Plaintiff P2S in the amended answer. To the extent Plaintiff P2S relies on amendments regarding Defendant BW's counter-claim, the Court finds that these amendments failed to

10

raise new issues within the meaning of Fed. R. Civ. P. 38(b). [*See* Docs. 22 at 4; 33 at 13-14.] Many of these amendments merely provide further examples of "faulty performance" that fall within the scope of Defendant BW's original allegation of "multiple instances of Pro2Serve performing work negligently, performing defective work and/or providing defective materials that did not comply with the contract" included in the original complaint. [Doc. 3 at 9.] The underlying factual allegations all turn on Pro2Serve's faulty performance, which "turn on the same matrix of facts." *Las Vegas Sun, Inc.*, 610 F.2d at 620. Additionally, the revised dollar amounts for the counter-claim do not change or significantly add to the underlying facts of that claim. Thus, these amendments did not raise new issues within the meaning of Fed. R. Civ. P. 38(b).

As to the defenses raised in Defendant BW's amended answer, the Court agrees with Plaintiff P2S that there are new issues sufficient for purposes of Fed. R. Civ. P. 38(b). While the original answer included defenses regarding waiver and estoppel by Plaintiff P2S for failing to submit REAs within 30 days after alleged changes under the contract, only the amended answer includes defenses regarding "other" procedures related to REAs set forth in the technical direction section of the contract and in the written terms and conditions of the contract. [*See* Doc. 22 at 1-6.] These amendments raise new facts regarding whether Plaintiff P2S complied with these "other" procedures allegedly provided by the parties' agreement aside from the 30-day requirement discussed in the original answer. Also, the amended answer raises the defense that Plaintiff P2S is barred from recovery for the claims alleged in the complaint because it has been fully compensated under the "milestone payment

11

section of the contract." [*See* Doc. 22 at 2.] This defense raises new issues of fact regarding the "milestone" provision that were not included in the original answer. Therefore, in light of the new facts associated with these defenses, Plaintiff P2S properly made a jury demand for its breach of contract claims related to REAs 1-7 and Invoice I.

As to the jury demand for breach of contract claims based on REA 8 and Invoice II, the Court finds that such a demand in Plaintiff P2S's proposed superseding amended complaint falls within the scope Fed. R. Civ. P. 38(b) because it raises new facts or issues. When a plaintiff's amended complaint "clearly asserts allegations which concern events arising after the filing of the original Complaint" and "asserts new claims for breach of contract," at least one court has found that the "Amended Complaint contains 'new issues' permitting the plaintiff to seek a trial by jury on these newly raised issues." *AMC Demolition Specialists v. Bechtel Jacobs Co., LLC*, No. 3:04-CV-466, 2005 WL 3240576, at *2 (E.D. Tenn. Nov. 30, 2005). In the present case, the claims based on REA 8 and Invoice II only arose after the filing of the original complaint. Accordingly, there are new facts or issues associated with the breach of contract claims for REA 8 and Invoice II that make a jury demand timely as to those particular claims. However, the proposed superseding amended complaint raises no new issues in relation to Defendant BW's counter-claims, thus Plaintiff P2S is not entitled to a jury trial as to the counter-claims under Fed. R. Civ. P. 38(b).

For these reasons, Plaintiff P2S has made a proper jury demand under Fed. R. Civ. P. 38(b) for its breach of contract claims for REAs 1-8 and Invoices I and II. As a result, "the action must be designated as a jury action" as to those breach of contract claims pursuant to

Fed. R. Civ. P. 39(a). However, because Defendant BW's amended answer nor Plaintiff P2S's proposed superseding amended complaint raise new issues as to the counter-claims, Plaintiff P2S's jury demand were untimely as to the counter-claims under Fed. R. Civ. P. 38(b).

### 2. Fed. R. Civ. P. 39(b)

Even though a party has failed to make a timely jury demand under Fed. R. Civ. P. 38(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). In other words, "the court in its discretion upon motion may order a trial by a jury of any and all issues." *Moody v. Pepsi-Cola Metro. Bottling, Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (citation omitted). Notably, a "district court has broad discretion in ruling on a Rule 39(b) motion." *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987). Furthermore, "the court's discretion should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." *Kitchen*, 825 F.2d at 1013 (citations omitted) (internal quotation marks omitted). The Court will treat Plaintiff P2S's Superseding Motion to Amend Complaint as a Fed. R. Civ. P. 39(b) motion to the extent it seeks a jury trial for claims that fall outside the scope of Fed. R. Civ. P. 38(b), namely Defendant BW's counter-claims.

When considering a Fed. R. Civ. P. 39(b) motion, the Eleventh Circuit has identified certain factors for courts to consider. *See Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). However, the Sixth Circuit has noted that a "failure to convincingly show discernable prejudice" alone is sufficient when granting a late demand for a jury trial given the broad

13

discretion under Fed. R. Civ. P. 39(b), the lack of precedent for reversing the grant of a jury trial, and the Seventh Amendment right to a jury trial. *Moody*, 915 F.2d at 207 (citing *Kitchen*, 825 F.2d at 1013).

In the present case, Defendant BW contends that it would be prejudiced by the expense of additional time needed to prepare and try this case. However, the Court notes that Plaintiff P2S's first jury demand was made in December of 2008, nearly eleven months before the scheduled trial date in this matter. Given this amount time, Defendant BW has been provided with sufficient opportunity to adjust its preparations for trial given the possibility the Court would grant Plaintiff P2S's jury request. *See Korbel v. Lexington Ins. Co.*, Civil Action No. 06-7283, 2007 WL 2406996, at *3 (E.D. La. Aug. 21, 2007) ("Further, at the time Plaintiff filed his request for a trial by jury, the trial date was almost seven months away. With nearly seven months between Plaintiff's request and the trial date, Defendant has been afforded adequate time to alter his trial strategy, if necessary, to present the case to a jury.") Furthermore, in *Kitchen*, the Sixth Circuit found a lack of sufficient prejudice even when a district court granted a late jury demand after a jury had been picked. *Kitchen*, 825 F.2d at 1013. Defendant BW's claims of prejudice regarding the counter-claims are further weakened given that it will nonetheless need to prepare for a jury trial for Plaintiff P2S's breach of contract claims.[2] In light of all of this, the Court finds that Defendant BW has

---

[2] The Court notes that even if the jury request for the breach of contract claims and counter-claims in this case were untimely under Fed. R. Civ. P. 38(b), the Court would still grant Plaintiff P2S's jury request in light of the amount of time between the first jury demand and the scheduled trial date in this matter and Defendant BW's unspecific claim of prejudice due to "additional expenses" under Fed. R. Civ. P. 39(b).

14

failed to convince the Court that it will be sufficiently prejudiced by granting Plaintiff P2S's jury request.

Aside from its claim of prejudice, Defendant BW makes other arguments why the Court should not exercise its discretion. In evaluating these arguments, the Court keeps in mind that its "discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody*, 915 F.2d at 207. Defendant BW argues that Plaintiff P2S's late request is the result of nothing more than "mere inadvertence" and must result in denial of Plaintiff P2S's Fed. R. Civ. P. 39(b) motion. *See Kitchen*, 825 F.2d at 1013 (stating that the "Ninth and Second Circuits have held that a 39(b) motion must be denied if the only reason for the delay was mistake or inadvertence"). However, in *Kitchen*, the Sixth Circuit did not hold that denial of the motion is required in cases of "mere inadvertence" and, instead, recognized the "broad discretion" afforded to district courts on this issue. *Id.* Though Defendant contends that this case involves contract interpretation best left for the bench, the Court notes that questions of law can be addressed through other means, such as through a directed verdict motion during the jury trial. *See Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet and Lumber Co., Inc.*, 195 F.3d 368, 375-376 (8th Cir. 1999). Additionally, the Court disagrees that the issues in this case are so complex as to constitute "strong and compelling reasons" to deny a jury trial in this matter. Accordingly, the Court will deny Defendant BW's Motion to Strike Jury Demand [Doc. 58] and will grant Plaintiff P2S's Superseding Motion to Amend Complaint [Doc. 81] to the

extent it requests a trial by jury on the breach of contract claims and counter-claims in this action.

## III. CONCLUSION

For the reasons set forth herein, Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc.'s Motion to Amend Complaint [Doc. 41] is hereby **DENIED as moot**. Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc.'s Superseding Motion to Amend Complaint [Doc. 81] is hereby **GRANTED in part** and **DENIED in part**, whereby Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc. may amend its complaint to include breach of contract claims for REA 8 and Invoice II, a *quantum meruit* claim for REAs 1-8, and a jury demand for the contract claims and counter-claims in this case. The motion is denied to the extent Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc. seeks to include a *quantum meruit* claim for general and administrative services. Plaintiff/Counter-Defendant Pro2Serve Professional Project Services, Inc. is **DIRECTED** to file its amended complaint, reflecting the rulings in this order, within ten (10) days of the entry of this order. The Motion to Strike Jury Demand [Doc. 58] of Defendant/Counter-Plaintiff Babcock & Wilcox Technical Services Y-12, LLC, formerly known as BWXT Y-12, LLC, is hereby **DENIED**.

IT IS SO ORDERED.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE